IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TRACEY B. GURLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-012 |
| | ) | |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, a pre-trial detainee at the Charles B. Webster Detention Center in Augusta, Georgia, submitted a "Civil Action Complaint" for filing and seeks to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 4.) However, upon initial review of Plaintiff's filings, the Court was unable to determine whether he is attempting to assert a claim pursuant to 42 U.S.C. § 1983, or is attempting to petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. In an Order dated February 11, 2016, the Court explained to Plaintiff the difference between a § 1983 complaint and a § 2241 petition and instructed him that he must make a selection as to which type of case he intended to bring. (See doc. no. 5.)

The Court also instructed the Clerk to include an appropriate form civil rights complaint used by incarcerated litigants in the Southern District of Georgia and a form habeas corpus petition with Plaintiff's service copy of the February 11th Order. (Id. at 2.) The Court directed Plaintiff to make his selection as to a civil rights or habeas corpus case by

returning the appropriate form of the two provided by the Clerk. (Id. at 2-3.) The Court cautioned Plaintiff he should submit only one form in response to the Order and that his failure to comply with the terms of the February 11th Order within fourteen days may result in a recommendation that this case be dismissed.[1] (Id. at 3.)

Instead of responding as instructed, Plaintiff submitted a one-page letter, bearing the caption of "Petitioner" and "Respondent," but stating he wanted to go forward with a § 1983 civil rights complaint.[2] (Doc. no. 6.) Plaintiff did not, as is required by the Court's February 11th Order, submit a completed complaint form that identifies the nature of his civil rights claims. Given the deficiencies with the response to the Court's February 11th Order, the Court granted Plaintiff an extension until March 4, 2016, to comply with the instructions to inform the Court whether he seeks to vindicate alleged violations of his civil rights pursuant to § 1983, or whether he seeks habeas corpus relief under § 2241 in the form of his immediate release from custody. (See doc. no. 7.) The Court also again specifically warned Plaintiff that failure to follow the Court's instructions would result in a recommendation for dismissal of this case. (Id. at 3.)

Plaintiff did not respond to the Court's Order allowing him another opportunity to identify the type of case he wants to pursue. Problematically, Plaintiff's refusal to respond as instructed in the instant case leaves the Court faced with the prospect of a stagnant case that cannot move forward.

---

[1] The Court also explained that because it was unclear whether Plaintiff intended to proceed with a habeas corpus case or § 1983 civil rights case, it was also unclear whether Plaintiff, through his IFP motion, was contending he cannot pay the $5.00 habeas corpus filing fee or the $350.00 filing fee for an IFP civil rights complaint. (Doc. no. 5, p. 2.)

[2] Given the reference to a civil rights complaint, the Court instructed the Clerk to change the docket to identify the parties as "Plaintiff" and "Defendant." (Doc. no. 7, p. 2.)

2

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, the Court twice ordered Plaintiff to make a selection as to whether he sought to pursue monetary relief under § 1983 or habeas corpus relief under § 2241 and to set forth his claims on the standard form used by incarcerated litigants in the Southern District of Georgia. (Doc. nos. 5, 7.) The Court also explained to Plaintiff the difference between a § 1983 civil rights case and a habeas corpus case. (Doc. no. 5, pp. 1-2.) Furthermore, the

3

Court twice warned Plaintiff that failing to make an election as to the type of case he intends to pursue would result in a recommendation for dismissal of this case without prejudice. (See id. at 3; doc. no. 7, p. 2.)

Plaintiff's failure to comply with the terms of the Court's Orders amounts not only to a failure to prosecute, but also an abandonment of his case. This Court will not allow a case to languish on its docket because a litigant fails to comply with the most basic instructions for informing the Court what type of case he intends to pursue and the basis for his claims. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[3] See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it. See Mobin v. Mobin, No. 15-11439, slip op. at 2-3 (11th Cir. Oct. 7, 2015) (affirming dismissal without prejudice where incarcerated litigant refused to comply with multiple court instructions to select civil rights or habeas corpus relief).

---

[3]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

4

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed IFP be **DENIED** as **MOOT** (doc. no. 4) and that this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 11th day of March, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA